# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SPRUILL, | : |
| Plaintiff, | : CIVIL NO. 3:CV-01-1625 |
| vs. | : (CHIEF JUDGE VANASKIE) |
| FRANK GILLIS, ET AL., | : |
| Defendants. | : |

## M E M O R A N D U M

## I.  Background

On August 23, 2001, Robert Spruill filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following four defendants employed at the State Correctional Institution at Coal Township, Pennsylvania: Frank Gillis and Stephen Gooler, prison officials; Shawn McGlaughlin, prison doctor, and Brian Brown, physician's assistant.  In the complaint, Spruill alleges that as a result of the deliberate indifference of Defendants, he received inadequate medical treatment for his serious back condition which resulted in severe pain and further injury.  The present procedural posture of the case is as follows.  On May 29, 2002, motions to dismiss filed by Defendants were granted, and the case was closed.  Following an appeal by Spruill, the Third Circuit Court of Appeals remanded the case with regard to Defendants McGlaughlin and Brown, finding that the Eighth Amendment deliberate indifference to serious medical needs claims

contained in the complaint as to said Defendants were exhausted and sufficient to survive a motion to dismiss. Since that time, the parties have been engaged in discovery. On March 24, 2005, a motion to compel discovery filed by Spruill was granted, and Defendants were directed to respond to outstanding interrogatory questions and requests for production of documents within twenty (20) days. (Dkt. Entry 87.) Presently before the Court is Spruill's motion for the appointment of counsel, filed on October 19, 2004. (Dkt. Entry 83.) Defendants have filed a brief in opposition to the motion. For the reasons that follow, the motion will be denied without prejudice.

## II.     Discussion

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In this case, Spruill has alleged a viable Eighth Amendment claim, but the facts underlying that claim have yet to be presented. Assuming, however, that the claims have sufficient factual support, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and,

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Spruill cites to numerous factors which he contends supports his request for the appointment of counsel in this case. He states that he is unable to afford counsel and that his imprisonment and back condition greatly limit his ability to litigate this case on his own. He believes that the medical issues involved are complex, requiring significant research and

3

discovery. Due to his alleged limited access to the law library and limited knowledge of the law, he requests the assistance of counsel to pursue this matter on his behalf through the discovery and trial stages.

In opposing Spruill's motion, Defendants argue that the issues involved in this action are straightforward and involve the application of established legal principles to a simple factual situation. They point to Spruill's ability thus far to successfully litigate this case on his own, and to the fact that he is clearly literate and able to submit pleadings which are understandable. They also cite to the fact that he gives no indication that he has ever attempted to obtain the services of an attorney on his own.

A review of Spruill's filings confirms Defendants contention that he appears fully capable of representing himself despite his incarceration and his medical condition. He clearly possesses the ability to prepare pleadings and present comprehensible arguments to the Court. In fact, he has been successful on appeal to the Third Circuit and on a motion to compel discovery. In addition, the Court notes that the issues presented are not overly complex, and any concern on Spruill's part about the need for counsel in the future to assist in trial preparation can be addressed later. While Spruill expresses concern over conducting discovery in this case and obtaining documents he feels are necessary to litigate this matter, his motions to compel clearly reveal that he is capable of conducting the required research and seeking the relevant documents needed to support his claims. In fact, it is evident that Spruill can compile

medical evidence as to the seriousness of his condition based upon his reference to a neurosurgeon that both examined and performed surgery with regard to the condition at issue in January of 2004.  It appears that Spruill may already possess a copy of the neurosurgeon's report as he appears to quote from the report in his motion to compel.  Although Spruill asserts that his time in the prison law library may be limited, he does not claim denial of access to the law library or legal materials.

Accordingly, his motion for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

An appropriate Order is attached.

                          **s/ Thomas I. Vanaskie**
                          Thomas I. Vanaskie, Chief Judge
                          Middle District of Pennsylvania

TIV:lq

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SPRUILL, | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-01-1625 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| FRANK GILLIS, <u>ET</u> <u>AL.</u>, | : |
| | : |
| Defendants. | : |

## O R D E R

**NOW, THIS 21st DAY OF APRIL, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for the Appointment of Counsel (Dkt. Entry 83) is **DENIED WITHOUT PREJUDICE**.

                                             **s/ Thomas I. Vanaskie**
                                             Thomas I. Vanaskie, Chief Judge
                                             Middle District of Pennsylvania