## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT SPRUILL,** | : |
| | : |
| **Plaintiff,** | : **CIVIL NO. 3:CV-01-1625** |
| | : |
| **vs.** | : **(CHIEF JUDGE VANASKIE)** |
| | : |
| **FRANK GILLIS, <u>ET</u> <u>AL</u>.,** | : |
| | : |
| **Defendants.** | : |

## M E M O R A N D U M

### I.    Introduction

Presently before the Court are several motions filed by pro se Plaintiff Robert Spruill.

Two of the motions seek to compel Defendants McGlaughlin and Brown to respond to

discovery requests (Dkt. Entries 75, 97).  Also pending are two motions for leave to file

supplemental complaints (Dkt. Entries 95, 96).  Finally, Spruill has filed a third motion seeking

the appointment of counsel in this case.  (Dkt. Entry 98.)  For the reasons that follow, the

motions to supplement the complaint and for appointment of counsel will be denied.  One

motion to compel will be granted in part, and the remaining motion will de denied in its entirety.

### II.    Background

Spruill initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2001,

against the following four defendants regarding incidents that occurred at the State Correctional

Institution at Coal Township (SCI-Coal Township), Pennsylvania, his former place of

confinement: Frank Gillis and Stephen Gooler, SCI-Coal Township prison officials; Shawn

McGlaughlin, a physician, and Brian Brown, a physician's assistant.  Spruill alleges that as a

result of Defendants' deliberate indifference, his serious back condition was left untreated, or

was inadequately treated, resulting in severe pain and further injury.  On May 29, 2002, motions

to dismiss filed by Defendants were granted, and the case was closed.  On June 18, 2004, the

Third Circuit Court of Appeals affirmed the judgment of this Court with respect to the dismissal

of Defendant Gooler, and remanded the case with regard to the dismissal of Defendants

McGlaughlin and Brown.[1]  The Third Circuit held that the Eighth Amendment claims for

deliberate indifference to serious medical needs were exhausted and sufficient to survive a

motion to dismiss.  Discovery has been taking place since the matter was remanded.

In the complaint, Spruill sets forth the following allegations.  On May 2, 2001, he was

transferred from the State Correctional Institution at Rockview, Pennsylvania, to SCI-Coal

Township, where he was housed in the Restricted Housing Unit.  Upon arrival, Spruill

immediately requested to be seen by the medical staff due to severe pain he was experiencing

in his lower back and right leg.  After several hours passed, he states that he was interviewed

by a nurse.  He informed the nurse that he suffers from a chronic back condition known as

---

[1] Spruill did not appeal the dismissal of Defendant Gillis.

2

"spondylotic spinal stenosis."  He was advised by the nurse to sign up for sick call.

On May 3, 2001, Spruill signed up for sick call.  The following day, May 4, he fell due to the pain he was experiencing, striking the left side of his face on the toilet in his cell.  Spruill contends that he was knocked unconscious and injured his right thumb.  He informed the nurse of his fall, and she stated that a doctor would be advised.  At this point, Spruill had not yet been seen by a doctor in response to his complaints.

Dr. McGlaughlin arrived at Spruill's cell on May 5, 2001.  Spruill contends that McGlaughlin refused to examine him, informing Spruill that Spruill would never go to the infirmary.  Two days later P.A. Brown saw Spruill and accused him of faking his injuries.  According to Spruill, Brown did not conduct an examination either.

On May 9, 2001, Spruill complained to a nurse that pain medication prescribed for his back was not working.[2]  Later that morning, Spruill had another fall due to sharp pain he experienced in his lower back and leg.  He thereafter submitted another sick call request and was seen by Defendant Brown on May 10, 2001.  Spruill alleges that Brown did nothing in response to his complaints regarding the ineffectiveness of the pain medication.

Another sick call request was submitted on May 11, 2001.  Defendant McGlaughlin saw Spruill the following day.  He informed Spruill that he thought nothing was wrong with his back

---

[2]  It is unclear as to whether Spruill was taking medication previously prescribed or whether he received the medication after his arrival at SCI-Coal Township.

3

and accused him of "playing games."  On May 14, 2001, McGlaughlin had Spruill brought to the infirmary examination room where Spruill contends McGlaughlin deliberately bent and twisted his legs "as if he was trying to shape a pretzel."  Spruill alleges that neither his face nor his thumb was examined for the injuries sustained in the May 4, 2001 fall.

III.    **Discussion**

A.      **Motions to Compel**

1.      **Legal Standard on Scope of Discovery**

Courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."  <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947).  The polestar of discovery is relevance.  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible."  <u>Pearson v. Miller</u>, 211 F.3d 57, 65 (3d Cir. 2000).  Rule 26(b)(2)(iii) authorizes a court to prohibit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources,

the importance of the issues at stake in the litigation, and the importance of the proposed

discovery in resolving the issues."

Rule 37 allows a party who has received evasive or incomplete discovery responses to

seek an order compelling additional disclosure or discovery.  The party requesting the order to

compel must demonstrate the relevance of the information sought.  The burden then shifts to

the opposing party, who must demonstrate in specific terms why a discovery request does not

fall within the broad scope of discovery or is otherwise privileged or improper.  Goodman v.

Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## 2.    Spruill's First Motion to Compel

On August 9, 2004, Spruill served a Request for the Production of Documents on

Defendants McGlaughlin and Brown pursuant to Fed. R. Civ. P. 34, identifying twelve separate

categories of documents that were to be produced.  On September 13, 2004, shortly after the

period for responding to the requests expired, Spruill filed a motion to compel discovery.  In

opposing Spruill's motion, Defendants admit that they failed to respond timely to the discovery

request and then proceed to object to seven (7) of the twelve (12) requests – Requests 3, 4, 7,

8, 10, 11 and 12.[3]  Although Defendants should not have waited to assert objections to the

---

[3]  It is assumed by the Court that Defendants agreed to produce for inspection the documents sought by Spruill in Requests 1, 2, 5, 6 and 9.

document request until after a motion to compel had been filed,[4] the Court will resolve the outstanding dispute in an effort to move this matter along.  For the reasons that follow, the motion will be granted in part and denied in part.

Three of the discovery requests objected to by Defendants concern the production of Spruill's medical records.  In Request #7, Spruill seeks his complete medical records from February 12, 1998, to the present time.  In Request #8, he seeks all other documents regarding his medical care which were generated by staff at seven (7) Pennsylvania prisons where Spruill has been incarcerated for the same time period.  Request #12 seeks all MRI and myelogram test reports, as well as all physical evaluation reports, written diagnoses, recommendations and conclusions regarding Spruill's back condition for the period of January 1, 2000 until May 1, 2001.

Defendants object to each of these requests on the ground that production is precluded by a Department of Corrections (DOC) policy barring the release of inmate medical records to inmates.  Defendants state, however, that they will seek written authorization from the DOC for the release of such records and, if obtained, provide the records to Spruill.  Defendants will therefore be directed to advise the Court within twenty (20) days as to whether the release of the medical records has been obtained and if so, whether they have made the medical records

---

[4]  At no point do Defendants provide the Court with an explanation as to why they failed to respond to Spruill's discovery request in a timely manner.

available to Spruill for inspection.  If approval has not been obtained, Spruill may subpoena the records from the DOC, and it will be required to produce those records that pertain to his alleged back condition.

In Request #3, Spruill seeks copies of all grievances and complaints concerning inadequate or improper medical treatment filed by inmates against Defendants McGlaughlin and Brown from May 2000 to the present  time.  Defendants object to this request on several different grounds, including relevancy, undue burden, and privilege with respect to the release of other inmates' prison and medical information.  The Court first finds that the request clearly seeks relevant information.  Plaintiff must show deliberate indifference to serious medical needs.  The complaint history against a healthcare provider may suggest an inference of intentional disregard for an inmate's medical needs.  Defendants have not carried their responsibility of showing undue burden.  With regard to Defendants' concern regarding other inmates' personal information, the names and any other identifying data can be redacted from the documents prior to production to Spruill for inspection.  Accordingly, Defendants will be directed to provide to Spruill for inspection any grievances or complaints concerning inadequate medical care filed by SCI-Coal Township inmates against Defendants McGlaughlin and Brown for the time period of May 2000 to the present. Personal information pertaining to other inmates can be redacted as necessary.

7

The next challenged discovery request is Request #4.  Spruill seeks all instructions to medical staff concerning correct medical procedures to be followed in cases in which a blow to the head causes an inmate to become unconscious.  Spruill allegedly did fall after being refused treatment, became unconscious, and was again denied treatment after allegedly informing a nurse of what had happened.  The request thus appears to seek information that is relevant to Spruill's claims in this case.  Accordingly, Defendants will be required to produce any SCI-Coal Township written policies or procedures addressing the treatment of head injuries at the time of Plaintiff's alleged fall.

In Request #10, Spruill seeks his complete prison record from February 12, 1998 to the present time.  Defendants object on the basis that the production of Spruill's prison file would violate DOC policy, which seeks to preserve prison order and discipline and protect those individuals whose assessments and recommendations are contained in the record from possible retaliation by an inmate.  The reasons offered by Defendants are valid.  Accordingly, the objection to Request #10 is sustained.

In the final disputed request – Request #11 – Spruill seeks all documents relating to medical education and training of Defendants McGlaughlin and Brown.  Defendants object to this request as irrelevant, overbroad and unduly burdensome.  They contend that to fully respond to such a request would involve the production of every document read or written by

8

each Defendant from the time each was in school.  The Court agrees that the request is overbroad and unduly burdensome.  However, Defendants' medical education and training is relevant to the instant § 1983 deliberate indifference case.  Accordingly, each Defendant will be directed to provide Spruill with a current copy of his resume, redacting any personal identification information, such as address and telephone number.

### 3.     Spruill's Motion to Compel Answers to Request for Admissions

Spruill served a Request for Admissions on Defendants on or about June 11, 2005.  He states that Defendants filed answers/objections to the requests on July 5, 2005.  On August 1, 2005, Spruill filed the pending motion to compel, asserting that Defendants improperly objected to and asserted a lack of knowledge to numerous requests.  He requests that the Court order Defendants to provide complete answers to his requests.[5]

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve upon any other party a written request for the
> admission, for purposes of the pending action only, of the truth of
> any matters within the scope of Rule 26(b)(1) set forth in the
> request that relate to statements or opinions of fact or of the
> application of law to fact.

---

[5]  While Spruill did not file a formal brief in support of his motion, he does set forth within his motion argument in support of his position.  He does not, however, cite to any supporting legal precedent.  In light of his pro se status, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and in an effort to move this matter forward, the Court will resolved the motion to compel on its merits.

9

Fed. R. Civ. P. 36(a).  Rule 36 permits the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), i.e., the admission will yield neither admissible evidence nor information that "appears reasonably calculated to lead to the discovery of admissible evidence;" (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest.  Fed. R. Civ. P. 36(a).

Rule 36(a) further provides:

> The party who requested the admissions may move to determine the sufficiency of the answers or objections.  Unless the court  determines that an objection is justified, it shall order that an answer be served.  If the court determines that an answer does not comply with the requirements of the rule, it may order that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a).  Rule 36(a) "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001)(citations omitted). In this regard, it is well-established that requests for admissions are not discovery devices.  Rather, they are designed to narrow the issues for trial.  National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003).

Spruill attaches neither a copy of his Request for Admissions nor a copy of Defendants'

response thereto.  He does, however, set forth the challenged requests and responses to his

requests in the motion. He specifically challenges the responses to the following Requests: 1

through 3, 6 through 12, and 14 through 29.

A number of the challenged responses are specific denials by Defendants to the

requested admissions.  A specific denial is a permissible response under Fed. R. Civ. P. 36(a).

Plaintiff has not submitted any evidence or argument to support any contention that Defendants

lacked a good faith basis for the denials.  Accordingly, Spruill has not presented any basis for a

court order concerning Requests 11, 12, 16 through 19, 22, 23 and 29.

In Requests 1 through 3, 6 through 10 and 14, Plaintiff seeks admissions with regard to

events which occurred prior to his transfer to SCI-Coal Township.  In particular, in this group of

Requests, Spruill asks Defendants to admit that (1) he was admitted to the infirmary at SCI-

Rockview (his prior place of confinement) on four (4) separate occasions due to inability to walk

caused by back/leg pain; (2) he was transported to Blair Medical Center on August 11, 2000;

(3) he was examined at Blair Medical Center by Dr. Osgood; (4) it is the routine/established

practice of the DOC to send certain forms with an inmate who is taken to an outside hospital

and to review all consultation/referral reports to ensure proper treatment; (5) it is the

routine/established procedure at Blair Medical Center to write on an inmate's referral form his

diagnosis, the treatment provided and follow-up instructions; and (6) Dr. Osgood's instructions

were placed in writing on several written reports in his medical file.[6]

Defendants state that they are unable to admit or deny the requests as stated because they lack personal knowledge of the events preceding Spruill's incarceration and transfer to SCI-Coal Township.  Further, to the extent Spruill seeks admissions with regard to DOC policies and procedures, Defendants state they lack knowledge in that they are not employees of the Pennsylvania DOC, and suggest to Spruill that he seek this information from a DOC employee.[7] The answers are adequate and acceptable under Rule 36, and there is thus no basis for court intervention with respect to the answers to these requests.

In Requests 20 and 21, Spruill seeks admissions based upon an assumed admission to

---

[6] Defendants did provide a partial admission to Request 14, which seeks an admission that Spruill was transferred from SCI-Rockview to SCI-Coal Township on May 2, 2001. Defendant state that they are unable to admit or deny whether he arrived with a complete set of medical records.  This is an appropriate response.

[7] In Request 8, Spruill seeks an admission that it is the DOC Medical Administrators' practice to review all consultation and referral reports to insure that inmates receive proper follow-up treatment, apparently after being returned from medical care received outside the prison.  Defendants state they are unable to admit or deny this request in that they do not know what plaintiff means by "Pennsylvania Department of Corrections Medical Administrators." They do state, however, that to the extent that the Request may concern some centralized state medical administrators who review all consultation and referral reports, they are unaware of any such entity.  Further, they admit that there does exist an administrative approval process through which referrals and consultation requests are processed.  This response is adequate under Rule 36(a), evidencing Defendants' efforts to admit, deny and qualify their answer as best they can in responding to Spruill's request.

Request 19.[8]  These requests need not be answer in light of the denial to Request 19.

In Requests 24 through 28, Spruill seeks admissions with regard to events which allegedly occurred following his transfer from SCI-Coal Township.  The admissions concern dates upon which he was transferred from SCI-Frackville to SCI-Chester, from SCI-Chester to Crozer Chester Medical Center, and with regard to treatment he received while at Crozer Chester Medical Center.  Defendants state that they are unable to admit or deny the requests as they have no knowledge as to the specifics of what occurred following Spruill's transfer from SCI-Coal Township.  Defendants defer to whatever information may be contained in Spruill's medical records, but to the extent the records contradict the requested admissions, they deny the requests.  Defendants' responses to these requests are sufficient.

The remaining challenged response is to Request 15, seeking an admission that on May 2, 2001, Spruill informed the SCI-Coal Township medical staff that because of back and leg pain he fell, hitting his face on the toilet and injuring his thumb.  Defendants respond by stating that they are unable to admit or deny this matter.  This is an adequate response as there is no evidence that either Defendant witnessed the incident or his reporting of the incident.

In summary, there is no basis for rejecting any of the responses to Spruill's requests for admission.  Accordingly, his second discovery motion will be denied.

---

[8]In Request 19, Spruill asks Defendants to admit there exists an informal policy at SCI-Coal Township giving low priority to the inmates in punitive segregation housing units.

**B.**   <u>**Motions to Supplement the Complaint**</u>

Pending in this case are two motions to amend/supplement the complaint.  In neither instance does Spruill submit a brief in support of his motion.  Middle District of Pennsylvania Local Rule 7.5 requires that a party file a brief in support of a pretrial motion within ten (10) days after the filing of the motion.[9]   Pursuant to Rule 7.5, if a party fails to file a supporting brief, the motion shall be deemed to be withdrawn.

Spruill filed a motion for leave to file a supplemental complaint on July 6, 2005, which is one (1) paragraph in length.  He also submitted a forty-one (41) page proposed supplemental complaint.  No brief in support of the motion has ever been filed.  On July 19, 2005, he filed a motion for leave to file a second supplemental complaint and asking that this second motion to supplement supercede the first motion.  Again, the motion was one (1) paragraph, and while a lengthy proposed supplemental complaint was submitted, no brief in support of the motion was filed.

The first motion for leave to supplement is moot based on Spruill's submission of the second motion, which he requests supercede the first.  The second motion can be deemed to be withdrawn pursuant to M.D. Pa. Local Rule 7 for failure to file a supporting brief.  In any

_____

[9]   The only exceptions to this Rule are a motion for an enlargement of time if the reasons are stated in the motion, a motion which has the concurrence of all parties, and a motion for the appointment of counsel.

event, because the motion lacks merit, it will be denied.

Amendments to pleadings, as well as supplements, are governed by Fed. R. Civ. P. 15. An "amended pleading" supercedes the pleading which it amends, while a "supplemental pleading" stands with the original and adds to it some fact or facts which have occurred since the filing of the original pleading.  United States v. L.D. Caulk Co., 114 F. Supp. 939, 940 (D. Del. 1953).

For the most part, Spruill's proposed pleading concerns matters occurring after his transfer from SCI-Coal Township.  The motion, therefore, is properly viewed as one to supplement the pleadings under Rule 15(d), rather than a motion to "amend" the complaint under Rule 15(a).

Rule 15(d), in pertinent part, states:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d).  Rule 15(d) motions are evaluated by the Court under the same standards used to evaluate motions to amend pleadings under Rule 15(a), with leave "freely given when justice so requires."  New York State Nat'l Org. For Women v. Cuomo, 182 F.R.D. 30, 36 (S.D. N.Y. 1998) (quoting Fed. R. Civ. P. 15(a)).

15

The purpose of a supplemental pleading is to set forth new facts which have occurred since the filing of the original pleading and which affect the controversy and the relief sought; its function is to bring the action "up to date." Weisbord v. Michigan State University, 495 F. Supp. 1347, 1351 (W.D. Mich. 1980). Factors to be considered in permitting the filing of a supplemental pleading include whether its allowance will promote the efficient disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action. Burns v. Lavender Hill Herb Farm, Inc., No. Civ.A. 01-7019-4100, 2005 WL 293000 *1 (E.D. Pa. Feb. 2, 2005); Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (Nealon, C.J.); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 1504 at 186-87.

Recognizing the proposition that a supplemental pleading is merely a continuation of the complaint, the courts usually insist upon some sort of reasonable relationship between the complaint and the proposed supplement. Gibbs v. Goord, 2003 WL 22052313, *8 (S.D. N.Y. Sept. 4, 2003); Robinson v. Shannon, No. Civ. 3:CV-04-2777, 2005 WL 2416116, *2 (M.D. Pa. Sept. 30, 2005)(Vanaskie, C.J.)  A supplemental pleading cannot be used for the purpose of introducing a new and distinct cause of action. Randolph v. Missouri-Kansas-Texas R. Co., 78 F. Supp. 727, 729 (W.D. Miss. 1948). A party is permitted to state new claims in supplemental pleadings "so long as the transaction or occurrence took place after the filing of the complaint

and the new cause of action is related to the original claims." <u>Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Company</u>, 668 F. Supp. 906, 922 (D. Del. 1987).  A court may deny leave to file a supplemental pleading where the pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint.  <u>Nottingham v. Peoria</u>, 709 F. Supp. at 544.

Spruill's proposed amended pleading is 41 pages long (excluding exhibits), adds six (6) new defendants, two of whom are employees at SCI-Frackville, and the remaining four are employees at SCI-Chester, located in the Eastern District of Pennsylvania.  In the supplemental complaint, Spruill asserts new allegations concerning the original Defendants for matters occurring before this action was brought.  For example, he contends that Defendant McGlaughlin denied him the use of a cane.  Such an averment need not be made in a supplemental pleading in order to be considered in this action.

The remainder of the claims raised by Spruill in the proposed supplemental complaint are set forth against Defendants at other prisons with regard to unrelated incidents.  While some of the claims relate to inadequate medical care allegedly received at those prisons from the new defendants, these causes of action arise out of an entirely unrelated set of facts and relate to defendants not implicated in the original complaint.  They are more properly raised in a

17

new civil rights action.  For example, Spruill contends that Shirley Smith, the Health Care

Administrator at SCI-Chester, improperly deducted monies from his prison trust fund account at

SCI-Chester to cover medical expenses.  He also contends that she harassed him and

retaliated against him.

The  supplemental pleading submitted by Spruill is improper under Rule 15(d) and will

not be permitted.  Many of the allegations did not occur after the filing of the original pleading

many of the supplemental claims are unrelated to the instant action.  The additional allegations

would not promote the efficient disposition of the case, but instead would cause undue delay.

Accordingly, the motion to supplement the complaint will be denied.

### 5.    Plaintiff's Motion for the Appointment of Counsel

On two prior occasions this Court has denied Spruill's requests for the appointment of

counsel.  (Dkt. Entries 37, 88.)  Pending is his third motion for appointment of counsel.  (Dkt.

Entry 98.)  In the motion, Spruill cites to difficulties in obtaining discovery from Defendants as

well as many of the reasons he has previously cited as reasons warranting the appointment of

counsel. These reasons include the complexity of the case, the inability to afford a lawyer, more

thorough preparation for trial and limited access to the law library.

The precedent applicable in deciding the instant motion is recited in this Court's

Memorandum and Order of April 21, 2005.  (Dkt. Entry 88.)  For many of the same reasons

provided in that opinion, Spruill's motion will be denied.  He has repeatedly demonstrated that he is able to competently litigate this case on his own by filing motions and serving discovery requests, he continues to access the prison law library, and the issues presented are not complex.  Any concern on Spruill's part regarding trial preparation is premature at this time.

To the extent that Spruill points to existing discovery disputes as a reason justifying the appointment of counsel, the Court has resolved all outstanding disputes in this Memorandum and the case is now back on track and a dispositive motion deadline will be imposed. Accordingly, the motion for counsel will be denied without prejudice.

An appropriate Order follows.


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT SPRUILL,                          :
                                         :
         Plaintiff,              :   CIVIL NO. 3:CV-01-1625
                                         :
   vs.                               :   (CHIEF JUDGE VANASKIE)
                                         :
FRANK GILLIS, <u>ET</u> <u>AL</u>.,                   :
                                         :
         Defendants.             :

# <u>O R D E R</u>

    **AND NOW, this 30th day of JANUARY, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's "Motion for an Order Compelling Discovery" (Dkt. Entry 75) is **granted in part and denied in part** as set forth above.  Within twenty (20) days from the date of this Order Defendants shall produce the documents responsive to Requests 3,4, 7, 8, 11, and 12, as qualified above.

    2.    Plaintiff's "Motion for Leave to File a Supplemental Complaint" (Dkt. Entry 95) is **denied as moot**.

    3.    Plaintiff's "Motion for Leave to File Second Supplemental Complaint (Dkt. Entry 96) is **denied**.

    4.    Plaintiff's "Motion to Compel Answer to Plaintiff's Request for Admissions" (Dkt. Entry 97) is **denied.**

    5.    Plaintiff's "Motion for Appointment of Counsel" (Dkt. Entry 98) is

**denied without prejudice**.

6.      Any dispositive motions in this case shall be filed within forty-five (45) days from the date of this Order.


                                        <u>**s/ Thomas I. Vanaskie**</u>
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania

2